UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DERRAL ADAMS, Warden,<br><br>　　　　Respondent. | No. CV 05-6928-FMC(AJW)<br><br>**MEMORANDUM AND ORDER DENYING MOTION TO REOPEN WITHOUT PREJUDICE** |

　　　Petitioner filed a petition for a writ of habeas corpus in this Court alleging, in part, that his counsel was ineffective for failing to file a timely appeal as petitioner had instructed. On June 30, 2008, judgment was entered granting relief on the basis of this claim. Pursuant to the judgment, respondent was to provide petitioner with an opportunity to file an appeal in the California Court of Appeal. According to the judgment, after the California Court of Appeal either denies petitioner's request for a certificate of probable cause to appeal or decides his appeal, petitioner has ninety days within which to file a motion to reopen this case so that this Court may consider his remaining claims, if necessary.

On February 3, 2009, petitioner filed a document entitled "Motion for Order to Re-Open," requesting that the Court vacate the judgment granting his petition and order that an evidentiary hearing be conducted. Based upon the documents attached to petitioner's motion, it appears that he has been appointed counsel and that he has been able to file an appeal in the California Court of Appeal. In addition, it appears that his appeal is pending. See http://appellatecases.courtinfo.ca.gov.

In his motion, petitioner indicates that he wishes to vacate the judgment and re-open this case because he has learned that the claims he wanted to raise in an appeal to the California Court of Appeal are properly raised only in collateral proceedings.

Rule 60(b) of the Federal Rules of Civil Procedure governs motions for relief. Petitioner, however, has not shown that he is entitled to relief from judgment on any of the grounds enumerated in Rule 60(b). Petitioner also has not shown the existence of "extraordinary circumstances" justifying relief from judgment. See Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989) (quoting United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982)).

For these reasons, petitioner's motion is **denied without prejudice**. Petitioner may renew his motion to re-open after the state appellate court issues a decision.

**It is so ordered.**

Dated: February 9, 2009

Florence-Marie Cooper
United States District Judge

2